UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-02431-MWF (PLAx)**          Date: **June 19, 2013**
          **CV 13-03490-MWF (PLAx)**

Title:    Lawrence Fafarman -v- City of Los Angeles

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT
          JUDGE

          Rita Sanchez                          None Present
          Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

          None Present                          None Present

PROCEEDINGS (IN CHAMBERS):  ORDER DISMISSING ACTION [CV 13-02431], AND REMANDING ACTION [CV 13-03490], FOR LACK OF SUBJECT MATTER JURISDICTION

     On April 5, 2013, Plaintiff Lawrence Fafarman filed a Complaint, initiating this action (the "Original Action"). (CV 13-02431, Docket No. 1). Apparently, Mr. Fafarman filed an identical complaint in California Superior Court, which Defendant City of Los Angeles (the "City") then removed on May 15, 2013 (the "California Companion Action"). (CV 13-03490, Docket No. 1). For the reasons stated below, the Original Action is DISMISSED, and the California Companion Action is REMANDED.

     On May 23, 2013, the Court issued an Order to Show Cause Re: Lack of Jurisdiction. (*Id.*, Docket No. 7). On May 29, 2013, Mr. Fafarman filed his response, and on May 30, 2013, the City filed its response. (*Id.*, Docket Nos. 8, 9).

     According to the Complaint, Mr. Fafarman nominated the "Encino Velodrome" for designation as a "Historic-Cultural Monument of the City of Los Angeles." (Original Action Compl. at 2). However, the Encino Velodrome is located on land owned by the federal government, and the City "claimed that the Supremacy Clause of the [U.S.] Constitution bars the [C]ity from giving a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-02431-MWF (PLAx)**           Date:  **June 19, 2013**
           **CV 13-03490-MWF (PLAx)**

Title:     Lawrence Fafarman -*v*- City of Los Angeles

---

historical designation to any place that is wholly or partly owned by the federal government." (*Id.*)

The general procedures for the designation of a Historic-Cultural Monument in the City of Los Angeles are governed by the Los Angeles Administrative Code ("LAAC").  However, Mr. Fafarman seeks a "court order invalidating the [City]'s policy that all places wholly or partly owned by the federal government are not eligible for historical designation by the [C]ity." (*Id.* at 5).

The parties asserted subject matter jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331.  For jurisdictional purposes, the Court restates the issue as follows:  The Complaint alleges that the Encino Velodrome should be designated as a monument under the LAAC; the City has argued that it cannot do so under the Supremacy Clause; Mr. Fafarman seeks a declaration that the Supremacy Clause does ***not*** apply.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation and internal quotation marks omitted).  "Under that rule, we must look to what necessarily appears in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (citation and internal quotation marks omitted) (citing *Berger Levee Dist. v. United States*, 128 F.3d 679, 681 (8th Cir.1997) (stating that ***the government's actual or probable assertion of the Supremacy Clause is insufficient to confer federal jurisdiction***) (emphasis added)).

"A case does not arise under federal law, . . . when the federal question is merely an anticipated defense to a state lawsuit.  Nor is a federal defense transformed into a federal cause of action by assertion of a claim for defensive declaratory relief." *Armstrong v. Armstrong*, 696 F.2d 1237, 1238 (9th Cir. 1983)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-02431-MWF (PLAx)**                              Date:  **June 19, 2013**
           **CV 13-03490-MWF (PLAx)**

Title:     Lawrence Fafarman -*v*- City of Los Angeles

---

(citations omitted) (no federal question jurisdiction with respect to community property settlement under California law even though the plaintiff "argue[d] that his case depend[ed] upon interpretation of military retirement statutes and preemption of state law under the Supremacy Clause" (citation omitted)); *see also Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1145 (9th Cir. 2000) ("There is no analogous federal statute here that preempts either the county ordinance or state regulations.").

As discussed above, Mr. Fafarman's Complaint essentially alleges a state law claim for relief under the LAAC, to which the City has answered with a federal (Supremacy Clause) defense. This case does not present a federal question.

Accordingly, the Original Action (CV 13-02431) is DISMISSED. In addition, the California Companion Action (CV 13-03490) is REMANDED to the Superior Court of the State of California for the County of Los Angeles.

Consequently, the City's three motions to dismiss (CV 13-02431, Docket Nos. 10, 11; CV 13-03490, Docket No. 5) are DENIED AS MOOT. The hearing set for **June 24, 2013**, is removed from the Court's calendar.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.

---